**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**SCP DISTRIBUTORS, LLC,** a Delaware limited liability company,

**Plaintiff,**

**v.**

**BRYAN SNELL,** an individual,

**Defendant.**

## COMPLAINT

Plaintiff, SCP Distributors, LLC ("Plaintiff" or "SCP"), by and through its undersigned counsel, and for its Complaint against Defendant, Bryan Snell ("Defendant" or "Snell"), states as follows:

## PARTIES

1. Plaintiff SCP is a limited liability company existing under the laws of the state of Delaware.

2. Pool Corporation ("Pool Corp.") is the sole member of SCP Distributors, LLC. Pool Corporation is a corporation organized under the laws of the state Delaware with a principal place of business located at 109 Northpark Blvd., Covington, Louisiana 70433. Accordingly, due to its membership status, SCP is considered a resident of Delaware.

3. Upon information and belief, Bryan Snell is a resident and citizen of Florida, with a residence of 1240 Fruitland Avenue, Clearwater, Florida 33764, in Pinellas County, Florida.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332 in that there is diversity of citizenship between Plaintiff and the Defendant, and the amount in controversy in this action exceeds $75,000.00, exclusive of interest and costs.

5. SCP is a citizen of Delaware, and Snell is a citizen of Florida. Therefore, there is complete diversity between the parties.

6. Venue is appropriate in the Middle District of Florida pursuant to 28 U.S.C. §1391(b)(2) because a substantial portion of the facts giving rise to the causes of action set forth in this Complaint occurred in this District.

## FACTS

7. Plaintiff is a wholesale distributor of swimming pool supplies, equipment, and related leisure products.

8. On or about May 18, 2023, AquaServ Pool Service, Inc. ("AquaServ")[1] entered into a Business Application and Agreement (the "Agreement") with Plaintiff

---

[1] AquaServ Pool Service, Inc. is not a defendant in this action as it is a debtor in a Chapter 7 in the United States Bankruptcy Court for the Middle District of Florida, Case Number 25-08398.

for the purchase of certain pool supplies and equipment. A true and correct copy of the Agreement is attached hereto as **Exhibit "A"**.

9. In connection with the Agreement, Defendant Bryan Snell executed and delivered a Personal Guarantee Agreement to Plaintiff, in which he unconditionally guaranteed to Plaintiff payment of AquaServ's obligations as defined therein. See Exhibit A, p. 2.

10. The Personal Guarantee Agreement provides:

> In consideration of Pool (or any of its subsidiary entities, as may exist from time to time) (hereinafter collectively "Pool") agreeing to sell goods to customer, I/we, the undersigned (hereinafter "Guarantors"), jointly and severally hereby personally guarantee payment of any and all amounts as may be owed to Pool by Customer whether or not such amounts exceed stated credit limits, as well as all legal fees and expenses incurred in connection therewith.

See Exhibit A, p. 2.

11. In support of Plaintiff's claims against Defendant, the Terms and Conditions of Sale of the Agreement state that upon default:

> Buyer agrees to pay Seller all costs and expenses of collections, including actual costs of a third party collector/collection agency, and suit or other legal action, including actual attorney's fees, whether incurred pre-suit, through trial, on appeal, and all costs of execution of any judgment rendered against Buyer [Defendants] or in any administrative proceedings brought by Buyer or on its behalf.

See Exhibit A at Terms & Conditions of Sale, p. 4.

12. In 2025, AquaServ and Defendant defaulted under the terms of the Agreement.

13. On November 8, 2025, AquaServ filed for bankruptcy protection under Chapter 11 of the United States Bankruptcy Code, Case Number 25-08398 in the United States Bankruptcy Court for the Middle District of Florida ("Bankruptcy Case"). On May 11, 2026, the Bankruptcy Case was converted to a Chapter 7.

14. Plaintiff provided certain products to AquasServ and Defendant as required under the Agreement and AquaServ and Defendant have failed to provide full payment to Plaintiff as required by the Agreement and the Personal Guarantee Agreement.

15. There is an outstanding balance currently due and owing to Plaintiff in an amount exceeding $134,346.43, plus accruing interest, attorneys' fees, and costs incurred herein. A true and correct copy of an accounts receivable report dated as of May 19, 2026, is attached hereto as **Exhibit "B".**

**CAUSE OF ACTION**

**BREACH OF GUARANTY**

16. Plaintiff incorporates by reference herein the factual allegations set forth above.

17. AquaServ entered into the Agreement with Plaintiff for the purchase of certain products.

18. Included within the Agreement is the Personal Guarantee Agreement of Bryan Snell, in which he guaranteed payment of AquaServ's obligations to Plaintiff as defined therein.

19. Plaintiff provided the products as required by the Agreement and otherwise abided by the terms of the Agreement.

20. AquaServ breached the Agreement with Plaintiff by, inter alia, failing to pay Plaintiff the full amounts for the goods as required under the Agreement.

21. Bryan Snell breached the Personal Guarantee Agreement contained within the Agreement by, inter alia, failing to pay Plaintiff the full amounts owed by AquaServ as required under the Personal Guarantee Agreement.

22. As a result thereof, Plaintiff has suffered damages to which it is entitled to recover from Bryan Snell.

23. Accordingly, Plaintiff is entitled to an award of damages in excess of $134,346.43, plus accruing interest, attorneys' fees, and costs incurred herein.

24. WHEREFORE, Plaintiff, SCP Distributors, LLC, demands judgment against Defendant, Bryan Snell for damages, plus costs, with interest thereon, and such other and further relief as is just and proper.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, SCP Distributors, LLC, prays for the following relief: 1) Judgment in favor of Plaintiff and against Defendant, Bryan Snell, in excess

of $134,346.43, plus interest and additional fees; 2) Awarding Plaintiff interest and its reasonable attorneys' fees and costs incurred and to be incurred by Plaintiff in connection with the enforcement of its remedies under the Agreement, including, without limitation: (i) all pre-judgment and post-judgment attorneys' fees and costs; (ii) accruing interest to the date of entry of judgment; (iii) post-judgment interest at the applicable rate; (iv) late fees; and (v) all other amounts due to Plaintiff under the Agreement and applicable law; and 3) For such other and further relief as the Court determines is just and appropriate.

**Dated: September 22, 2026**

**ADAMS AND REESE LLP**

*/s/ Draft*
Angela N. Grewal
Florida Bar No. 105429
angela.grewal@arlaw.com
ari.martinez@arlaw.com
jessica.bowers@arlaw.com
501 Riverside Avenue, Suite 601
Jacksonville, Florida 32202
(904) 394-0420
(904) 394-0564 (facsimile)

*Attorneys for Plaintiff, SCP Distributors, LLC*